# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN BARKET,

    Plaintiff(s),

v.

FRANK LEIGH,

    Defendant(s).

Case No.: 2:19-cv-00141-GMN-NJK

**ORDER**

(Docket No. 10)

Pending before the Court is Plaintiff's application to extend time for service and to permit service by publication. Docket No. 10. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

Service by publication is disfavored because substituted service implicates a defendant's due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950); *Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Employees & Moving Picture Mach. Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Service must be made under the law of the forum state or of the state in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot, after due diligence, locate the defendant. *See* Nev. R. Civ. P. 4.4(c)(1)(a). Due diligence is what is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 115 Nev. 308, 313 (1999) (citation omitted). Courts may consider the number of

attempts made to serve the defendant at his residence and other methods of locating the defendant such as consulting public directories and family members. *See, e.g.*, *Price v. Dunn*, 106 Nev. 100, 101–103 (1990); *Abreu*, 115 Nev. at 313; *McNair v. Rivera*, 110 Nev. 463, 464 (1994).

Plaintiff's efforts to date do not show sufficient diligence to allow service by publication. Plaintiff has tried to locate Defendant through Internet searches and property records, utility records, and voter records for counties in and around Omaha, Nebraska, where Plaintiff believes Defendant resides. Docket No. 10 at 3. Plaintiff has also run a skip-trace report, but the addresses in the report were not good for service. *Id.* Plaintiff notes that it did serve a "Frank Leigh" in Omaha but it was not Defendant. *Id.* at 2. Plaintiff also notes that he "has now mailed the Summons and Complaint by certified mail to the best address [he has] for [Defendant]." Docket No. 11 at 2. Although Plaintiff has made some efforts, it is unclear to the Court why Plaintiff believes Defendant resides in Omaha and not elsewhere, especially after discovering that the "Frank Leigh" he found in Omaha is not Defendant. Without more, it seems possible that Plaintiff has simply been trying to locate the wrong Frank Leigh. It is also unclear to the Court—based on counsel for Plaintiff's statement at Docket No. 11 at 2, ¶11—whether Plaintiff has just tried, for the first time, to mail the Summons and Complaint by certified mail to the best address for Defendant. All told, Plaintiff has not yet exhausted his options to locate Defendant.

For the reasons stated above, Plaintiff's efforts to serve Defendant to date do not constitute due diligence to warrant allowing service by publication. Accordingly, that request is **DENIED** without prejudice. The Court will, however, **GRANT** Plaintiff's request to extend the deadline to effectuate service. The Court **EXTENDS** the deadline to November 7, 2019, *see* Fed. R. Civ. P. 4(m), to enable further efforts to locate and serve Defendant.

IT IS SO ORDERED.

Dated: September 24, 2019

_____
Nancy J. Koppe
United States Magistrate Judge